UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN VELEZ,<br><br>Plaintiff,<br><br>v.<br><br>SUNNY DELIGHT, IAN McKECHNIE, JANE DOES I–V (these names being fictitious as their present identities are unknown), JOHN DOES I–V (these names being fictitious as their present identities are unknown), and XYZ CORPORATIONS I–V (these names being fictitious as their present identities are unknown),<br><br>Defendants. | Civil Action No.<br><br>15-1841 (MCA) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Carmen Velez's motion pursuant to 28 U.S.C. § 1447(c) to remand this action to the Superior Court of New Jersey, Law Division, Union County, and for costs and attorney's fees in connection with the motion. (ECF No. 7). United States District Judge Madeline Cox Arleo referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to remand be **GRANTED** and that plaintiff's request for costs and fees in connection with the motion to remand be **DENIED**.[1]

---

[1] The parties did not request oral argument. Thus, the undersigned has issued this Report and Recommendation without oral argument, pursuant to Federal Rule of Civil Procedure 78.

## I. BACKGROUND

### A. Plaintiff's Complaint

The facts alleged in the Complaint are as follows. Plaintiff is a New Jersey resident. In February 2013, she became employed at the Dayton, New Jersey, factory of defendant Sunny Delight Beverages Co. ("Sunny Delight").

At the Sunny Delight factory, plaintiff claims coworkers subjected her to a host of discriminatory and harassing treatment. A lesbian coworker, Danielle, allegedly told plaintiff daily, in sexually explicit and crude terms, of Danielle's sexual acts with her girlfriend, sexually propositioned plaintiff, and made sexual gestures toward plaintiff. (ECF No. 1-1 ¶¶ 7–14). Comments by Danielle allegedly included that she "f***ed her [girlfriend] last night with a cucumber" (*id.* ¶8), that plaintiff was "'too stressed out' and that a lesbian experience would bring her satisfaction" (*id.* ¶ 13), and that she would "teach [plaintiff] where her 'G-spot' was and that she would be screaming for days" (*id.* ¶ 14). Danielle also allegedly "made sexual gestures using her fingers and tongue to mimic oral sex." (*Id.* ¶ 12).

Plaintiff avers that "Danielle would often make these comments in front of plaintiff and male supervisors which plaintiff found extremely embarrassing and humiliating." (*Id.* ¶ 10). She adds that "[m]ale employees would laugh at these comments, further embarrassing plaintiff." (*Id.* ¶ 14). Plaintiff claims that "this almost daily harassing behavior was overheard by" defendant Ian McKechnie, a supervisor, "but he did nothing to remedy same." (*Id.* ¶ 11).

Plaintiff's male coworkers also allegedly harassed plaintiff. She claims that one male coworker, Kurt, a forklift operator, sexually harassed her during training sessions by showing her pornography while touching and arousing himself. (*Id.* ¶ 15). Plaintiff further claims that a second

male coworker, Bill Scully, "left a note on plaintiff's forklift stating that he could not get the area ready because 'a Spic' [meaning plaintiff] was driving a forklift." (*Id.* ¶ 16).

Plaintiff alleges that she complained of her coworkers' harassing conduct to defendant McKechnie and to other supervisors. (*Id.* ¶ 17). She avers that McKechnie already was aware of the harassing conduct because he "observed [it] directly." (*Id.*).

Plaintiff took medical leave pursuant to a request from her physician from July 18, 2014 through August 4, 2014, allegedly as a result of distress caused by the workplace conduct. (*Id.* ¶¶ 18–19). She claims that she "required a continuation of the accommodation of time off in early August of 2014" but "the company terminated her employment on August 8, 2014 for purportedly missing work." (*Id.* ¶ 20).

Based on the foregoing allegations, plaintiff asserts five claims under the New Jersey Law Against Discrimination ("LAD"): Hostile Work Environment Sexual Harassment (First Count); Hostile Work Environment Based On Race (Second Count); Unlawful Retaliation (Third Count); Aiding and Abetting Liability (Fourth Count); and Handicap/Perceived Handicap Discrimination (Fifth Count). Although the Complaint directs each Count toward "defendants" jointly, plaintiff acknowledges in her motion that the claims she intended to assert against defendant McKechnie individually are the Third Count, for retaliation, and the Fourth Count, for aiding and abetting. (*See* ECF No. 7-2 at 3–4).

### B. Procedural Background

Plaintiff initially filed this action in the Superior Court of New Jersey, Law Division, Union County, in February 2015. Defendants timely filed a Notice of Removal in this Court in March 2015 on diversity-of-citizenship grounds. (ECF No. 1).

In the removal petition, defendants assert that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. Defendants further aver that Sunny Delight is an Ohio corporation with its principal place of business in Ohio. Although they acknowledge in the petition that defendant McKechnie, like plaintiff, is a citizen of the State of New Jersey, they assert that the lack of diversity between plaintiff and defendant McKechnie poses no impediment to removal because McKechnie had been joined fraudulently as a defendant in this action. (*Id.* ¶¶ 10–12).

Plaintiff, contesting the fraudulent joinder assertion, timely moved to remand this action to the Superior Court of New Jersey for lack of subject matter jurisdiction. (ECF No. 7). Defendants oppose the motion. (ECF No. 10).

## II.   LEGAL ANALYSIS

### A. Summary of the Motion

Plaintiff moves pursuant to 28 U.S.C. § 1447(c) for an Order remanding the action back to the Superior Court of New Jersey and awarding her costs and attorney's fees connected with the motion. She argues that the Court plainly lacks subject matter jurisdiction because she has asserted no federal claims in the action and because there is no diversity jurisdiction due to the common New Jersey citizenship of plaintiff and defendant McKechnie. Plaintiff also notes that defendant McKechnie, as a resident of the forum state, is precluded from removing an action to federal court under 28 U.S.C. § 1441(b)(2).

Although plaintiff acknowledges that the fraudulent joinder doctrine sometimes permits a defendant to establish otherwise-unavailable diversity jurisdiction, she urges that controlling case law demonstrates the heavy burden that such a defendant must meet and the rarity of cases in which the Court has found a joinder fraudulent. She argues that this is not the rare case where

fraudulent joinder can be found because the LAD provides for individual liability for supervisors like defendant McKechnie under the facts alleged in her Complaint. Plaintiff further urges an award of attorney's fees and costs to her in connection with this motion, as may be awarded in the Court's discretion under 28 U.S.C. § 1447(c).

Defendants, in opposition, argue that plaintiff's factual allegations against defendant McKechnie do not support a viable claim against him under the LAD because they fail to demonstrate the type of active and purposeful conduct necessary to support an aiding and abetting claim against an individual under the LAD. Defendants further argue that there can be no viable LAD retaliation claim against an individual defendant. Accordingly, defendants posit that McKechnie's nondiverse citizenship and residency in the forum state can be ignored for subject matter jurisdiction purposes under the fraudulent joinder doctrine. Defendants also argue that, even if the Court were to grant plaintiff's motion to remand, there would not be a sufficient basis to award costs to plaintiff.

### B. Legal Standards

A party may move to remand an action to state court based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden is on the party asserting federal jurisdiction and opposing remand to demonstrate that the case is properly before this Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Under 28 U.S.C. § 1332, a district court has diversity subject matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." If a court lacks jurisdiction over the subject matter of an action, it is not empowered to adjudicate the merits of the case, and any decision it renders therein is void. *Alston v. Kean Univ.*, 604 F. App'x 216, 217 (3d Cir. 2015); *Cruz v. United States*, 537 F. App'x 26, 28 (3d Cir. 2013), *cert. dismissed*, 134 S. Ct. 1568 (2014); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Thus, the presumptive rule is that the Court lacks subject matter jurisdiction based on diversity of citizenship where, as here, a plaintiff and a defendant are citizens of the same state. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Further, a defendant's citizenship in the forum state, such as defendant McKechnie's New Jersey citizenship, generally bars removal to the Court under 28 U.S.C. § 1441(b)(2).

"'The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity.'" *Brown*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006)); *accord Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013); *Batoff*, 977 F.2d at 851. Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Boyer*, 913 F.2d at 111 (quoting *Abels*, 770 F.2d at 32); *see also Hogan*, 536 F. App'x at 210; *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011); *Brown*, 575 F.3d at 326; *In re Briscoe*, 448 F.3d at 217.

The party contending that fraudulent joinder creates subject matter jurisdiction where it would not otherwise exist bears "a heavy burden of persuasion." *Boyer*, 913 F.2d at 111 (internal

citations omitted). The Court is required to focus on the Complaint at the time of removal and "assume as true all factual allegations . . . [and] 'resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.'" *Batoff*, 977 F.2d at 851–52 (quoting *Boyer*, 913 F.2d at 111); *see also Brown*, 575 F.3d at 326; *In re Briscoe*, 448 F.3d at 219–20; *Steel Valley Auth.*, 809 F.2d at 1010. The United States Court of Appeals for the Third Circuit recently reiterated that "[t]he plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so 'wholly insubstantial and frivolous' as to fail to invoke the subject matter jurisdiction of the District Court." *Hogan*, 536 F. App'x at 210 (quoting *Batoff*, 977 F.2d at 852).

Because the Court's review is to determine subject matter jurisdiction, absent which it has no power to adjudicate any issue in the case, the Court must be careful not to "step[ ] from the threshold jurisdictional issue into a decision on the merits." *Boyer*, 913 F.2d at 112. Thus, the determination as to fraudulent joinder calls for a far less stringent review of the asserted claims than is required on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Hogan*, 536 F. App'x at 210; *In re Briscoe*, 448 F.3d at 218–19; *Batoff*, 977 F.2d at 851–52; *Pegg v. United Servs. Auto. Ass'n*, Civ. A. No. 09-2108 (SRC), 2009 WL 2928920, at *1, 2009 U.S. Dist. LEXIS 82081, at *3–4 (D.N.J. Sept. 8, 2009). Because of the deferential standard this Court is required to apply in conducting a fraudulent joinder analysis, the Third Circuit has observed that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff*, 977 F.2d at 852.

### C. Analysis of Plaintiff's Motion to Remand

Plaintiff's motion to remand this action to state court turns on whether plaintiff has a "non-frivolous" or "colorable" claim against defendant McKechnie for aiding and abetting or retaliation

under the LAD such that his joinder in this action cannot be deemed fraudulent. In the view of the undersigned, there is a colorable claim against defendant McKechnie for aiding and abetting under the LAD.[2] Accordingly, it is recommended that plaintiff's motion to remand be granted.

Plaintiff argues that defendant McKechnie is subject to liability under the LAD for aiding and abetting, pursuant to New Jersey Statutes Annotated § 10:5-12(e). The LAD provides for individual liability for supervisors by making subsection (e) applicable to "any person, whether an employer or an employee." *Id.; see also Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 289 (3d Cir. 2006) (individual liability for aiding and abetting under the LAD). "To be liable as an aider or abettor, (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004) (internal quotations omitted) (alteration in original) (citing *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999), *abrogated on other grounds by Nance v. City of Newark*, 501 F. App'x 123 (3d Cir. 2012)); *see also DeSantis v. N.J. Transit*, Civ. No. 14-3578 (KM) (MAH), 2015 WL 1969404, at *6, 2015 U.S. Dist. LEXIS, at *13 (D.N.J. Apr. 29, 2015); *Berckman v. United Parcel Serv.*, Civ. A. No. 07-5245 (JBS), 2007 WL 4080372, at *2, 2007 U.S. Dist. LEXIS 84447, at *4 (D.N.J. Nov. 14, 2007); *Cicchetti v. Morris Cnty. Sheriff's Office*, 194 N.J. 563, 594 (2008).

Defendants argue that plaintiff fails to plead the type of "active and purposeful conduct" necessary to sustain an aiding and abetting claim under the LAD. *See Tarr*, 181 N.J. at 83. They

---

[2] Because the undersigned concludes that the aiding and abetting claim asserted by plaintiff against defendant McKechnie is colorable, thereby depriving the Court of subject matter jurisdiction, it is the undersigned's view that further analysis of the viability of plaintiff's LAD retaliation claim against McKechnie should be left to the Superior Court of New Jersey upon remand.

8

contend that defendant McKechnie cannot be held liable "for failing to take effective action to stop the alleged harassment by [plaintiff's] co-workers." (ECF No. 10 at 14).

This argument ignores the substantial precedent holding that "even willful indifference or failure to act could expose a supervisor to NJLAD liability." *Simonetti v. Broadridge Fin. Solutions, Inc.*, Civ. A. No. 10-3903 (SRC), 2012 WL 32931, at *11, 2012 U.S. Dist. LEXIS 1550, at *32 (D.N.J. Jan. 5, 2012); *accord Hurley*, 174 F.3d at 126 (holding supervisor's liability "can be grounded in his failure to stop the harassment, which included both active and passive components"); *Yuli v. Lakewood Bd. of Ed.*, Civ. A. No. 13-4617 (MLC), 2014 WL 5308187, at *10, 2014 U.S. Dist. LEXIS 147606, at *25 (D.N.J. Oct. 16, 2014) ("Supervisors have a duty to act against harassment under NJLAD" that "imputes an obligation . . . to address conduct – whether active or passive – that condones employee harassment"); *Ivan v. Cnty. of Middlesex*, 612 F. Supp. 2d 546, 553 (D.N.J. 2009) (denying summary judgment on LAD aiding and abetting claim where a reasonable jury could find liability based on supervisor's being "willful in failing to act in response to [plaintiff's] complaints regarding her fellow [employees]").

Here, plaintiff's Complaint alleges that defendant McKechnie, her supervisor, directly observed employees' conduct toward plaintiff that was sexually graphic and patently harassing in nature. She alleges that coworker Danielle's sexually graphic comments to her were made "in front of . . . male supervisors" (ECF No. 1-1 ¶ 10) and that "[m]ale employees would laugh at these comments, further embarrassing plaintiff." (*Id.* ¶ 14). Plaintiff claims that "this almost daily harassing behavior was overheard by" defendant Ian McKechnie, a supervisor, "but he did nothing to remedy same." (*Id.* 1-1 ¶ 11). She further alleges that McKechnie took no steps to intervene or remediate the alleged harassment, even after she complained. (*Id.* ¶¶ 11, 17). These allegations suffice to support a colorable, non-frivolous claim of LAD aiding and abetting liability based on

willful indifference, failure to act, or even encouragement of harassing behavior. *See Simonetti*, 2012 WL 32931, at *11, 2012 U.S. Dist. LEXIS 1550, at *32; *Yuli*, 2014 WL 5308187, at *10, 2014 U.S. Dist. LEXIS 147606, at *25; *Ivan*, 612 F. Supp. 2d at 553. At the very least, it cannot be conclusively determined at this juncture that a state court would dismiss the cause of action for failure to state a claim. *See Brown*, 575 F.3d at 326 ("'[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court . . . .'" (alteration and omission in original) (quoting *Batoff*, 977 F.2d at 851–52)).

Under these circumstances, defendant McKechnie's nonnodiverse citizenship may not be ignored for subject matter jurisdiction purposes, and remand is appropriate. *See Berckman*, 2007 WL 4080372 at *2, 2007 U.S. Dist. LEXIS 84447 at *5 (granting remand after finding allegations that supervisors participated in employer's refusal to provide reasonable accommodation satisfied notice pleading requirements for LAD aiding and abetting claim sufficiently to "count [supervisor] as a party for jurisdictional purposes"); *Mersmann v. Cont'l Airlines*, 335 F. Supp. 2d 544, 556 (D.N.J. 2004) (granting remand after finding that supervisors on LAD aiding and abetting claim not fraudulently joined because their alleged involvement in plaintiff's termination provided "colorable ground" for asserting claims against them).[3] Based on the foregoing, the undersigned

---

[3] Defendants' reliance on the Report and Recommendation in *Curtiss-Wright Corp. v. CNA Financial Corp.*, Civ. A. No. 11-4416 (SDW), 2012 WL 1044493, 2012 U.S. Dist. LEXIS 42720 (D.N.J. Jan. 26, 2012), is misplaced. Fraudulent joinder was established in that breach-of-contract action as the underlying contract and related documents conclusively established that the nondiverse defendant was not party to the underlying contract and as plaintiff made no allegation that the nondiverse defendant exercised control over the diverse defendant, which was party to the contract. *Id.* 2012 WL 1044493 at *4–5, 2012 U.S. Dist. LEXIS 42720 at *11–15. Here, no such evidence legally precludes McKechnie's liability, and plaintiff makes adequate factual allegations concerning him.

respectfully recommends that the District Court grant plaintiff's motion to remand this action to the Superior Court of New Jersey.

### D. Plaintiff's Request for an Award of Fees and Costs

Plaintiff further seeks an Order requiring defendants to reimburse her attorney's fees and costs related to the removal and remand motion, which her counsel calculates as $7515,[4] pursuant to 28 U.S.C. § 1447(c). She urges the propriety of attorney's fees when an action is remanded, particularly if the defendant lacked objectively reasonable grounds for removal, as she contends is the case here.

Defendants oppose plaintiff's request for costs and fees. They maintain that they removed the action to this Court in good faith and with a reasonable belief of its subject matter jurisdiction. They note that courts in this district rarely award attorney's fees, even when granting remand.

As the parties acknowledge, 28 U.S.C. § 1447(c) explicitly permits an award of removal-related costs and attorney's fees when an action is remanded. *See Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, Civ. A. No. 15-cv-5303 (PGS)(TJB), 2015 WL 4603715, at *2, 2015 U.S. Dist. LEXIS 99495, at *4–5 (D.N.J. July 30, 2015); *Tallman v. HL Corp. (Shenzhen)*, Civ. No. 14-5550 (WHW)(CLW), 2015 WL 3556348, at *5, 2015 U.S. Dist. LEXIS 68025, at *12 (D.N.J. May 27, 2015). The Court, in exercising its discretion, should generally award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Oak Knoll Vill. Condo. Owners' Ass'n*, 2015 WL 4603715 at *2, 2015 U.S. Dist. LEXIS 99495 at *4–5; *Tallman*, 2015 WL 3556348 at *5, 2015 U.S. Dist. LEXIS 68025 at *12. Although the Court disagrees with defendants' fraudulent

---

[4] This calculation is the updated cost enumerated by plaintiff's counsel in the motion's reply papers.

joinder argument and recommends granting plaintiff's motion to remand, it does not find that defendants' position on removal and in opposition to remand lacked any reasonable basis. Defendants simply urged the Court to undertake a more stringent analysis of the ultimate merits of the Complaint than the jurisprudence of this Court permits to be undertaken on a threshold jurisdictional determination. As such, the undersigned recommends that the portion of plaintiff's motion seeking attorney's fees and costs be denied.

### III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's motion to remand this action to the Superior Court of New Jersey be **GRANTED** and that plaintiff's application for costs and fees in connection with this motion be **DENIED**.

Dated: August 31, 2015

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Madeline Cox Arleo, U.S.D.J.
All Parties